# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Beau Wesley Gensmer (01) and<br>Christopher Glenn Kennedy (02),<br><br>Defendants. | Crim. No. 10-109 (DSD/JJG)<br><br>REPORT AND RECOMMENDATION |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-captioned case came before the undersigned for a pretrial motion hearing on May 18, 2010. Tracy Perzel appeared on behalf of the United States of America. Dennis Johnson appeared on behalf of Defendant Beau Wesley Gensmer. Douglas Olson appeared on behalf of Defendant Christopher Glenn Kennedy. This case was referred to this Court for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Trial is presently set to commence before the Honorable David S. Doty on June 28, 2010.

Defendant Kennedy has two pending dispositive motions: a Motion to Suppress Evidence Obtained from Search and Seizure (Doc. No. 40) and a Motion to Suppress Statements (Doc. No. 41). He indicated at the hearing that both motions were moot, and the Court recommends they be denied as moot.

Defendant Gensmer has filed a Motion to Suppress Evidence Obtained Through Search (Doc. No. 17), a Motion to Suppress Statements (Doc. No. 29), a Motion to Dismiss the Indictment as Insufficient (Doc. No. 36), a Motion to Suppress Search and Seizure Evidence (Doc. No. 43), and a Motion to Suppress Wiretaps, Oral Communications, and Electronic

Eavesdropping (Doc. No. 51). Defendant Gensmer stated at the motion hearing that the Motion to Suppress Evidence Obtained Through Search, the Motion to Suppress Search and Seizure Evidence, and the Motion to Suppress Wiretap Evidence were moot, and the Court therefore recommends that the motions be denied as moot. Defendant Gensmer also requested a week to research an issue pertaining to his Motion to Suppress Statements. In a letter dated May 26, 2010, Defendant Gensmer conceded that the statement was "most likely" admissible, but asked to reserve the right to bring a motion in limine. Accordingly, the Court recommends that the motion be denied without prejudice.

The lone motion remaining for discussion is Defendant Gensmer's motion to dismiss the Indictment as insufficient. "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993) (citing *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir. 1980)). An indictment is "sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense" against a defendant. *Id.*

The twelve-page Indictment charges Defendant Gensmer with fifteen counts of wire fraud in violation of 18 U.S.C. §§ 2 and 1343, one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and two counts of engaging in a monetary transaction in property derived from specified unlawful activity in violation of 18 U.S.C. §§ 2 and 1957. The Indictment alleges that Defendant Gensmer and two co-defendants devised a scheme to defraud mortgage loan lenders and to obtain money through fraudulent means by soliciting investors to buy condominiums at prices higher than listed. To entice the investors, Defendant Gensmer allegedly

told them he would pay the down payment and monthly mortgage payments, and the investors would profit from rental income and later sales of the condominiums. Defendant Gensmer allegedly temporarily deposited money into the investors' bank accounts to strengthen their financial position, while his co-defendants allegedly directed accountants to prepare false tax returns and conveyed false financial information to mortgage loan lenders, all to perpetuate the fraudulent scheme. Ultimately, Defendant Gensmer and his co-defendants stopped making loan payments, and the investors defaulted on the loans.

For each of the fifteen wire communications, the Indictment includes the approximate date, amount, and financial institutions involved. With respect to the conspiracy charge, the Indictment specifically alleges the purpose as defrauding mortgage loan lenders of $3.1 million in mortgage loan proceeds. The manner and means of the conspiracy are described as soliciting investors, offering rent-free condominiums, offering financial incentives to investors, providing false information to accountants, causing false tax returns to be prepared, temporarily depositing money into investors' bank accounts, causing false documents to be provided to mortgage loan lenders, and causing false closing documents to be prepared. For the counts charging Defendant Gensmer with engaging in a monetary transaction in property derived from specified unlawful activity, the Indictment specifically alleges that he engaged in two such transactions: a Wells Fargo Bank cashier's check in the amount of $40,920.13, on November 29, 2007; and a Wells Fargo Bank cashier's check in the amount of $34,029.87, on November 29, 2007.

Having reviewed the Indictment, the Court finds that it sets forth the essential elements of each crime charged, includes enough information to allow Defendant Gensmer to assert a conviction or an acquittal as a bar to a subsequent prosecution, and fairly informs Defendant Gensmer of the charges against him. The Indictment is sufficient and should not be dismissed.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Gensmer's Motion to Suppress Evidence Obtained Through Search (Doc. No. 17) be **DENIED AS MOOT**.

2. Defendant Gensmer's Motion to Suppress Statements (Doc. No. 29) be **DENIED WITHOUT PREJUDICE**.

3. Defendant Gensmer's Motion to Dismiss on the Basis of Insufficiency (Doc. No. 36) be **DENIED**.

4. Defendant Kennedy's Motion to Suppress Evidence Obtained from Search and Seizure (Doc. No. 40) be **DENIED AS MOOT**.

5. Defendant Kennedy's Motion to Suppress Statements (Doc. No. 41) be **DENIED AS MOOT**.

6. Defendant Gensmer's Motion to Suppress Search and Seizure Evidence (Doc. No. 43) be **DENIED AS MOOT**.

7. Defendant Gensmer's Motion to Suppress Wiretaps, Oral Communications, and Electronic Eavesdropping (Doc. No. 51) be **DENIED AS MOOT**.

Dated: May 27, 2010                                          s/ *Jeanne J. Graham*

                                                                               JEANNE J. GRAHAM
                                                                               United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 14, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or if the district judge directs otherwise.